UNITED STATES DISTRICT COURT
WESTERN DISTRCIT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JORDAN ARNOLD | NUMBER: _____ |
| VERSUS | JUDGE _____ |
| RAPIDES PARISH SHERIFF WILLIAM EARL HILTON, CORRECTIONS OFFICER CODY DARNELL RICHARDSON, AND OTHER UNNAMED OFFICERS AND DEPUTIES | MAGISTRATE JUDGE _____ |

## **COMPLAINT**

**I.   JURISDICTION**

1. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, pursuant to the Eighth and Fourteenth Amendments to the United States Constitution, including the Due Process Clause, pursuant to Louisiana Constitution, Article I, §§ 2, 20, and Louisiana Civil Code article 2315.

2. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343 and the aforementioned federal statutory and constitutional provisions.

3. Plaintiff further invokes the pendant jurisdiction of this Court to consider claims arising under state law.

II.    **PARTY PLAINTIFF**

4. Jordan Arnold is a person of the full age of majority and a resident of the Parish of Rapides, City of DeVille, State of Louisiana.

III.   **PARTY DEFENDANTS**

5. Defendant William Earl Hilton, Rapides Parish Sheriff, and the Rapides Parish Sheriff's Office (hereafter "RPSO"), at all relevant times, were the employers of defendant, Cody Darnell Richardson, and other unknown RPSO deputies/corrections officers/deputy corrections officers/officials/employees.

6. Accordingly, Hilton and the RPSO are liable directly and vicariously for the actions complained of herein.

7. Defendant Hilton is a person of the full age of majority, is a resident of the Western District of Louisiana, and, during all relevant times herein, Hilton was the duly elected Sheriff of Rapides Parish, had authority over the RPSO, its policies, procedures, customs, practices, and operations, specifically those dealing with the treatment and punishment of inmates and prisoners and the administration and provision of medical care to inmates and prisoners, and the interpretation of statutory and case law related to the punishment of prisoners/inmates, the treatment of prisoners/inmates, and the administration of medical care to prisoners/inmates, was a final policy maker for the RPSO, and was responsible for hiring, training, supervising, and disciplining defendant Richardson and other unknown RPSO deputies/officials/corrections officers/deputy corrections officers/employees; and

   at all relevant times herein, he was acting under color of law and in the course and scope of his employment.

8. Defendant, Richardson, is a person of the full age of majority, is, on information and belief, a resident of the Western District of Louisiana, and, at all relevant times, was employed by the RPSO and was acting under the color of law and in the course and scope of his employment.

9. On information and belief, unknown defendants, including, but not necessarily limited to, RPSO deputies/officials/corrections officers/deputy corrections officers/employees, are persons of the full age of majority, are residents of the Western District of Louisiana, are or were, at all relevant times, employed by the RPSO, and at all relevant times herein, were acting under the color of law and in the course and scope of their employment.

10. References to "defendant" or "defendants" herein shall mean one or more of the individuals and entities described in paragraphs 5 through 9, above and participants and/or coconspirators acting in concert with them. Plaintiff sues the individual defendants in paragraphs 5 and 7 through 9 in their individual and official capacities.

**IV. STATEMENT OF FACTS**

11. On or about March 19, 2018, Arnold was a prisoner/inmate at the Rapides Parish Detention Center.

12. While in or near his cell in the Detention Center, Arnold was ordered to re-enter his cell and close the cell door.

13. Due to a known technical difficulty with the door, Arnold was unable to close the door as fast as Richardson wished.

14. As a result of Richardson's frustration with Arnold "interrupting" Richardson's efforts to eat his cereal, Richardson became hostile toward Arnold.

15. During the interaction between Richardson and Arnold, Richardson and Arnold were in the presence of other inmates/ prisoners and of other unknown corrections officers and/or deputy corrections officers.

16. During the interaction between Richardson and Arnold, Richardson suddenly, unexpectedly, without consent, without warning, and without probable cause, reasonable suspicion, reasonable cause, or other statutory authority tazed Arnold repeatedly, initially while Arnold was standing and then when Arnold was defenseless on the ground.

17. Instead of stopping Richardson or rendering aid to Arnold, other unknown corrections officers and/or deputy corrections officers stood by or walked away, as Richardson tortured and mocked Arnold and threatened Arnold with further violence, and as Arnold was not rendered aid or taken to get proper immediate medical care.

18. As a result of being tazed repeatedly by Richardson, Arnold suffered immediate and severe pain and mental suffering, emotional distress, and humiliation, and Arnold requested medical care.

19. Despite the attack in the open that was witnessed by prisoners/inmates and other corrections officers and/or deputy corrections officers, proper reports were not made in a timely manner and Arnold had to call a Prison Rape Elimination Act hotline to report the abuse, which was ignored by the RPSO.

20. At no time during this incident did Arnold have or appear to have possession of a weapon.

21. At no time during this incident did Arnold threaten his own life or safety or the lives or safety of others.

22. At no time during this incident did Arnold threaten anyone.

23. Richardson's use of force during this incident, including tazing Arnold was without just cause, was extreme, outrageous, and excessive, and was in violation of reasonable police/corrections standards, policies, and training, including failure to exercise reasonable precautions to protect the safety of himself and others; it also deliberately exposed Richardson, Arnold, and others to a dangerous situation.

24. After Richardson battered Arnold, Richardson and other unknown RPSO deputies/officials/corrections officers/deputy corrections officers/employees failed to request any/any appropriate immediate medical care for Arnold and failed to provide any/any appropriate immediate medical care for Arnold.

## V. FIRST CAUSE OF ACTION

25. As a result of the above-described conduct, Arnold was deprived of his constitutional rights to be free from cruel and unusual punishment and to be free from unjust, excessive, and unreasonable use of force, pursuant to the Eight and Fourteenth Amendment to the United States Constitution, including, but not limited to, the Due Process Clause, 42 U.S.C. §§ 1983, 1988, and Louisiana Constitution, article 1, §§ 2, 20.

26. At all times relevant herein, the defendants acted unreasonably, recklessly, and with deliberate indifference and disregard for the constitutional, civil, and statutory rights, and the life and safety, of Arnold.

27. Arnold further alleges that the above-described conduct of the defendants was the proximate cause and the cause in fact of the violation of his constitutional, civil, and statutory rights and his physical, emotional, and mental injuries set forth below.

28. As a result of the defendants' conduct, Arnold suffered injuries, including, but not necessarily limited to, physical pain and suffering and mental and emotional pain and suffering.

29. As a result of the defendants' above-described conduct, Arnold suffered and continues to suffer from extreme and severe mental pain and suffering and emotional distress.

30. As a result of the defendants' above-described conduct, Arnold suffered cruel, unusual, and excessive use of force and punishment.

## VI. SECOND CAUSE OF ACTION

31. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 30 of his compliant.

32. On information and belief, Hilton and the RPSO failed to establish and/or to enforce reasonable policies, procedures, customs, practices, and/or operations, specifically those dealing with the treatment and punishment of inmates and prisoners and the administration and provision of medical care to inmates and prisoners, and/or establish customs, policies, and practices which directly and proximately caused the deprivation of the civil, constitutional, and statutory rights of Arnold as alleged herein, and the damages and injuries as described. In part, Hilton and RPSO knew or should have known of prior incidents in which RPSO corrections officers and/or deputy corrections officers knew of and ignored assaults and batteries on prisoners/inmates and/or openly allowed prisoners/inmates additional time to assault/batter other prisoners/inmates who had been charged and/or convicted of certain crimes, which resulted in prior incidents of unpunished and unchecked unnecessary and excessive force against/punishment of inmates/prisoners.

33. These written and unwritten policies, customs, and practices included, among others, inadequate, unreasonable, and improper policies, procedures, customs, practices, and/or operations, specifically those dealing with the treatment and punishment of inmates and prisoners and the administration and provision of medical care to inmates and prisoners.

34. At all relevant times herein, defendants acted unreasonably, recklessly, and with deliberate indifference, and disregard for the constitutional, civil, and statutory rights, and for the life and safety, of Arnold.

35. On information and belief, the conduct of Hilton, the RPSO, and RPSO deputies/officials/corrections officers/deputy corrections officers/employees was without just cause was extreme and outrageous, and was in violation of reasonable standards and policies, including failure to observe inmates'/prisoner's/detainee's constitutional rights to be from free unlawful, unreasonable, and excessive use of force and punishment.

36. Hilton, the RPSO, and deputies/officials/corrections officers/deputy corrections officers/employees under their supervision, knew or should have known that their acts were wrongful because of controlling state and federal case law.

### VII. THIRD CAUSE OF ACTION

37. The pendant jurisdiction of the Court is invoked for all claims under state law.

38. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 30 and 32 through 37 of the complaint.

39. All individual defendants were acting in the course and scope of their employment with the RPSO, and thus Hilton and the RPSO are vicariously liable for the above-described conduct and for the injuries and damages caused by said conduct.

40. Hilton and the RPSO are liable jointly, severally, and in solido with the individual deputies/officials/corrections officers/deputy corrections officers/employees for

the wrongs complained of herein by virtue of encouraging, aiding, abetting, counseling, and condoning the commission of the above-described acts and by failure to establish proper policies and the failure to properly screen, train, supervise, and discipline RPSO deputies/officials/corrections officers/deputy corrections officers/employees.

41. At all times relevant herein, the defendants acted negligently, intentionally, and/or recklessly when they violated the constitutional, civil, and statutory rights or Arnold in the following non-exclusive particulars:

   a. Using excessive, unreasonable and illegal force against Arnold;

   b. Failing to take the necessary precautions to avoid the occurrence of the type of incident that occurred in this case;

   c. Failing to obtain proper training;

   d. Failing to utilize proper training skills;

   e. Acting outrageously and with deliberate indifference to the constitutional, civil, and statutory rights of Arnold;

   f. Intentionally violating and interfering with the constitutional, civil, and statutory rights of Arnold;

   g. Maliciously violating and interfering with the constitutional, civil, and statutory rights of Arnold;

   h. Negligently violating and interfering with constitutional, civil, and statutory rights of Arnold;

  i. Intentionally inflicting emotional distress on Arnold;

  j. Intentionally and maliciously inflicting severe mental, physical, and emotional injuries on Arnold;

  k. Assaulting and battering Arnold;

  l. Denying the liberty of Arnold;

  m. Committing gross negligence;

  n. Cruelly and inhumanely treating and punishing Arnold; and

  o. Other negligent, grossly negligent, reckless, malicious, and intentional conduct and violations to be shown at trial.

42. Plaintiff further alleges that these actions were the proximate cause and cause in fact of the above- and below-described injuries and damages.

43. As a result of the actions of the defendants as described above, damages have been incurred and are being asserted, in accordance with La. C.C. art. 2315 as follows:

  a. Past, present, and future physical, mental, and emotional pain and suffering, mental anguish, and grief;

  b. Past, present, and future loss of enjoyment of life;

  c. Past, present, and future expenses for medical, psychological, and other professional services that may be rendered because of the above-described injuries;

  d. Past, present, and future depression and anxiety;

  e. Past, present, and future lost income and earning capacity; and

  f. Past, present, and future emotional distress, embarrassment, and humiliation;

All in amounts to be proven at the trial herein.

44. Arnold shows that it may be necessary to employ experts to testify herein and that the expert fees for said experts should be fixed and taxed as costs and defendants be condemned jointly, severally, and in solido to pay same.

45. Plaintiff requests trial by jury as to all issues set forth herein so triable by a jury.

**WHEREFORE PLAINTIFF, JORDAN ARNOLD, PRAYS** that:

I. Defendants, RAPIDES PARISH SHERIFF, WILLIAM EARL HINTON, DEPUTY CORRECTIONS OFFICER CODY DARNELL RICHARDSON, AND OTHER UNNAMED OFFICERS AND DEPUTIES, be ordered to pay restitution and other sums in an amount as yet undetermined, for the above-described violations of the constitutional, civil, and statutory rights of plaintiff, JORDAN ARNOLD, or otherwise as necessary to make plaintiff whole by reason of defendants' unlawful acts.

II. Plaintiff be awarded compensatory damages and punitive damages.

III. Plaintiff be awarded prejudgment and/or legal interest

IV. This Honorable Court declare that defendants have deprived plaintiff of his above-described constitutional, civil, and statutory rights.

V. Plaintiff be awarded costs of litigation including expenses, expert witness fees, and reasonable attorney's fees.

VI. Plaintiff be allowed a trial by jury for those matters so triable by a jury.

VII. This Honorable Court grant such other and further relief against defendants and in favor of the plaintiff as may be necessary, proper, and just.

Respectfully submitted
THE HARVILLE LAW FIRM, LLC

By: /s/ Douglas Lee Harville
Douglas Lee Harville #27235
P.O. Box 52988
Shreveport, LA 71135-2988
Telephone: (318) 222-1700
Facsimile: (318) 222-1701

/s/ Michael J. Vergis
Michael J. Vergis #24900
Attorney at Law
1701 Old Minden Road
Suite 17A
Bossier City, LA 71111
Telephone: (318) 698-3724
Facsimile: (318) 231-2246
**ATTORNEYS FOR JORDAN ARNOLD**